DAUGHTREY,
dissenting.
Because I conclude that the district court was correct to apply Caron v. United States, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998), to the facts of this case, I respectfully dissent.
As the majority notes, in determining whether 18 U.S.C. § 922(e)(1) applies in this case, we are interpreting federal law and must seek to carry out the intent of Congress in its decision to increase the punishment of armed career criminals. Congress has made it clear that we are to count as a “violent felony” the offense committed by Flores as a juvenile, unless, as 18 U.S.C. § 921(a)(20) provides, that conviction has been pardoned or expunged. In this case, the juvenile conviction was expunged by operation of state law, but under the applicable Michigan statute, Flores is nevertheless prevented from obtaining a permit to carry a concealed weapon. Thus, the inquiry shifts to the exception carved out in subsection (a)(20), the so-called “unless clause.”
That exception provides that the ameliorative effect of a pardon, expungement, or restoration of civil rights is inoperative if the “expungement ... expressly provides that the person may not ... transport [or] possess ... firearms.” 18 U.S.C. § 921(a)(20). Just as the Caron court determined that permission to possess rifles or shotguns but not handguns was sufficient to bring the defendant within the exception to § 921(a)(20), see Caron v. United States, 524 U.S. at 316-17, it seems clear to me that a prohibition against transporting or possessing concealed weapons is the sort of limitation that Congress must have intended in adding the “unless clause” to § 921(a)(20). The purpose of the clause is to “keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States,” Caron, 524 U.S. at 315, espe *55 dally where, as in this case, Michigan’s juvenile expungement provision expressly limits the right to carry a concealed weapon and is an obvious example of “state laws [that] ‘provide less than positive assurance that the person in question no longer poses an unacceptable risk of dangerousness.’” Id. (quoting Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 120, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983)).
Here, the proof is in the pudding. Just how high is the risk of dangerousness involved in the possession of a concealed weapon? Certainly, it is high enough to cause the majority to remand this case to have the district court determine whether a conviction for carrying a concealed weapon constitutes a “violent felony” for purposes of § 924(e). It seems to me that the further inquiry ordered by the majority is unnecessary and that the district court should simply be affirmed.